# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Gary Weinreich, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Toyota Motor Sales, U.S.A., Inc., a California corporation; Toyota Motor Corporation, a Japanese corporation; Toyota Motor Engineering and Manufacturing North America, Inc., <br><br> Defendants. | Civil Action No. 2:18-3294-RMG <br><br> **ORDER AND OPINION** |

Before the Court is Defendants' Motion to Dismiss (Dkt. No. 10) and Plaintiff's Motion to Amend the Complaint. (Dkt. No. 19.) For the reasons set forth below, Defendants' Motion is granted in part and denied in part, and Plaintiff's motion is denied.

## I. Background

Plaintiff Gary Weinreich alleges that in June 2005 he purchased a new Toyota 4-Runner Sport (the "Car"). (Dkt. No. 1 at ¶ 27.) Plaintiff alleges that in both 2011 and 2013, when he took his car to be serviced at the Toyota Service Center in Myrtle Beach, mechanics noted that the Car's undercarriage was severely rusted, including on the transmission, however no one indicated there was "structural or safety" problems from the rust. (*Id.* at ¶¶ 29 – 31.) In 2017, while his Car was being serviced by Meineke, Plaintiff was informed that his Car had "excessive frame corrosion." (*Id.* at ¶ 32.) Plaintiff also alleges that this is the first time he was informed that other Toyota cars had a customer support program for corrosion issues. (*Id.*)

On May 24, 2018, while Plaintiff was driving the Car, the wheel began vibrating and Plaintiff lost control of the Car. (*Id.* at ¶ 35.) The Car was towed to a garage, and Plaintiff alleges

-1-

that it was determined that the right front control arm of the Car broke away from the frame due to corrosion and rust. (*Id.* at ¶ 36.) Plaintiff alleges that Toyota knew of the alleged defect in the frame, namely inadequate rust corrosion protection, as Toyota had previously initiated service campaigns to address excessive rust on alleged substantially similar car frames on other Toyota vehicles.[1] (*Id.* at ¶¶ 16, 22 – 26.) Plaintiff has since filed a complaint with the National Highway Traffic Safety Administration and claims to bring this case for himself and on behalf of a class of plaintiffs who owned 2005 – 2011 Toyota 4-Runners. (*Id.* at ¶¶ 38, 42.)

Plaintiff brought this products liability case on December 6, 2018, alleging that Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Corporation and Toyota Motor Engineering and Manufacturing North America, Inc. (collectively, "Defendants") breached implied and express warranties, violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and engaged in negligent misrepresentation by selling Plaintiff a Toyota 4-Runner that was prone to "excessive rust corrosion," rendering the vehicle unsafe. (*Id.* at ¶¶ 50 – 89, 94 – 100.) Plaintiff also brought a claim for injunctive relief. (*Id.* at ¶¶ 90 – 93.)

Defendants now move to dismiss the Complaint, arguing that Plaintiff's claims are barred by the statute of limitations and, regardless, the allegations fail on substantive grounds. (Dkt. Nos. 10, 11.) Plaintiff opposes the motion. (Dkt. No. 20.) Additionally, Plaintiff also seeks to amend his complaint. (Dkt. No. 19.) The proposed amended complaint is almost identical to his initially-

---

[1] Defendants assert that the frames on the 4-Runner were manufactured by a different company and not similar to the frames subject to the prior service campaigns for excessive rust, including in an affidavit submitted by Defendants' counsel. (Dkt. No. 11 at 10 n.8; 24-1 at ¶ 5.) However, it is well-settled that unless the evidence is attached, is integral to the Complaint or otherwise a matter the Court can take judicial notice of, a Court may not consider matters outside the pleadings without converting the motion into one for summary judgment. Fed. R. Civ. P. 12(d). As this claim regarding the manufacturing and design is a key issue for discovery, the Court does not consider this evidence outside the pleadings as it does not otherwise meet one of the exceptions.

filed complaint, yet includes new causes of action for negligence and strict liability. (Dkt. No. 19-2.) Defendants oppose the amendment, and Plaintiff filed a reply. (Dkt. Nos. 24, 25.)

## II. Legal Standard

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citations omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## B. Motion to Amend

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*). However, "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991). Specifically, the "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr.*, 602 F.3d at 602-03.

"Leave to amend [ ] should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012); *see also United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal quotation marks and citations omitted). "Therefore, if any new well-pleaded facts are asserted in the new proposed complaint, but they fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend." *In re. Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prod. Liab. Litig.*, No. 8-11-2000-JMC, 2013 WL 12152414, at *2 (D.S.C. June 17, 2013).

### III. Discussion

#### A. Motion to Dismiss (Dkt. No. 10)

##### 1. *Statute of Limitations*

Defendants initially argue that Plaintiff's claims are barred under the applicable statue of limitations. For Plaintiff's breach of warranty claims, the applicable statute of limitations is six years. S.C. Code Ann. § 36-2-725(1). For Plaintiff's tort claim, negligent misrepresentation, the applicable statute of limitations is three years. S.C. Code Ann. § 15-3-530(5). Regardless, under either limitations period, Plaintiff's claims are not barred by the statute of limitations at the motion to dismiss stage. As both Parties acknowledge, in South Carolina, under "the discovery rule, the statute of limitations only begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." *True v. Monteith*, 327 S.C. 116, 489 S.E.2d 615, 616 (1997). *See also* S.C. Code Ann. § 36-2-725(2) (applying discovery rule to breach of contract actions under the South Carolina Commercial Code). The "exercise of reasonable diligence" requires that the injured party "act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist." *Dean v. Ruscon Corp.*, 321 S.C. 360, 468 S.E.2d 645, 647 (1996). The date on which the discovery of a cause of action should have been made is an objective question. *Bayle v. S. Carolina Dep't of Transp.*, 344 S.C. 115, 542 S.E.2d 736, 740 (2001).

Here, under the well-pleaded allegations in the Complaint and accepting all facts in the light most favorable to the Plaintiff, Plaintiff did not discover his claims until July 17, 2017. Specifically, the alleged defect is that the "frames were not properly prepared and treated against rust corrosion," which is an alleged safety concern as "[e]xcessive corroded frames pose a serious safety hazard to a vehicle's occupants because a vehicle's frame forms the basis of the vehicle's

crashworthiness...." (Dkt. No. 1 at ¶ 1.) (*See also Id.* at ¶¶ 2 – 4, 13 – 14, 18 – 20.) Defendants note that the Complaint acknowledges that in both 2011 and 2013, Plaintiff was informed by a Toyota Service Center that the Car had an "excessive amount of rust," including on the "undercarriage...drive shaft transmission...splash shield[], exhaust, and shocks[." (*Id.* at ¶¶ 29 – 30.) However, it was not until 2017, according to the Complaint, that the Plaintiff was informed of "excessive frame corrosion." (*Id.* at ¶ 32.) The alleged defect, breach, and negligence focuses on failures in the frame, and the Complaint does not indicate that Plaintiff had any knowledge of rust on the frame until July 17, 2017, well within the applicable limitation periods. (*Id.*) To the extent facts are discovered showing that rust to the frame was known, or should have been known, prior to the limitations periods, Defendants may renew their argument. Yet, at this stage, the Court must deny Defendants' motion to dismiss based on the statute of limitations.

## 2. *Breach of Warranty Claims*

Plaintiff brings claims for both breach of an express warranty and breach of the implied warranties of merchantability and fitness for a particular purpose. (Dkt. No. 1 at ¶¶ 50 – 81.)

Regarding Plaintiff's claim for breach of an express warranty, to make out the claim a plaintiff must show: (1) the existence of the warranty; (2) breach by the failure of the product to meet the warranted description, and (3) proximate cause of damages from the breach. *First State Sav. & Loan v. Phelps*, 299 S.C. 441, 448, 385 S.E.2d 821, 825 (1989). *See also* S.C.Code Ann. § 36–2–313(1). Plaintiff has alleged a valid express warranty, namely, that Toyota warranted to provide 36 months or 36,000 miles of coverage for the costs of any repair or replacement necessary due to defect. (Dkt. No. 1 at ¶ 70.) Plaintiff alleges there was a defect, namely the excessive rust corrosion on the frame, that Defendants failed to repair or replace the Car based on the defect, and that the Car ultimately was inoperable because of the defect. (*Id.* at ¶¶ 32 – 36.)

-6-

Regarding Plaintiff's claim for breach of an implied warranty of merchantability,[2] to make out the claim a plaintiff must prove that "(1) a merchant sold goods; (2) the goods were not 'merchantable' at the time of sale; (3) the plaintiff or his property were injured by such goods; (4) the defect or other condition amounting to a breach of the implied warranty of merchantability proximately caused the injury; and (5) the plaintiff so injured gave timely notice to the seller." *Brooks*, 41 F. Supp. 3d at 482. As above, Plaintiff alleges that Defendants sold the goods, that there was a defect at the time of sale and that the Car was inoperable because of the defect.[3]

However, as Defendants correctly note, the express warranty is expressly limited to three years or 36,000 miles, and similarly Toyota disclaimed any implied warranties after that same time period. As the Car was purchased in 2005, under the terms of the warranty, the express warranty was long-expired by 2018 and the implied warranties were disclaimed.[4] Yet, Plaintiff alleges that

---

[2] Plaintiff's Complaint references warranties for both fitness for a particular purpose and merchantability. (Dkt. No. 1 at ¶¶ 51, 55.) South Carolina recognizes both implied warranties. *Brooks*, 41 F. Supp. 3d at 482. However, where "the particular purpose for which a product is purchased is also the ordinary or intended purpose of the product, the warranties of merchantability and of fitness for a particular purpose merge and are cumulative, such that a plaintiff may proceed upon either theory." *Id.* (citations omitted). The implied warranty claims here are duplicative, as the particular purpose and the Car's intended purpose, namely use for transportation, are identical.

[3] A claim for breach of an implied warranty also requires a Plaintiff to demonstrate that he provided notice. S.C. Code Ann. § 36-2-607 ("the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy). Though South Carolina courts have not specifically defined the required nature of the notice, *See Se. Steel Co. v. W.A. Hunt Const. Co.*, 301 S.C. 140, 145, 390 S.E.2d 475, 479 (Ct. App. 1990), here Plaintiff claims he notified Toyota of the breach on July 18, 2017 and September 12, 2017, and therefore at the motion to dismiss stage has properly alleged notice.

[4] Defendants included the warranty book referenced in the Complaint, which states that warranties are applicable for three years or 36,000 miles, and that the implied warranties are similarly limited to that duration. (Dkt. No. 11-2 at 8, 10, 11, 14.) *See CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) ("courts may consider a document that the defendant attaches to its motion to dismiss if the document 'was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity.'") (citations omitted).

this limitations period was "unconscionable and unenforceable" as Defendant knew, at the time of the limitations and disclaimers, of the defect. (Dkt. No. 1 at ¶¶ 64, 78.) While Defendants dismiss this allegation as conclusory, South Carolina law specifically permits a Court to find a contract clause unenforceable if it is unconscionable. S.C. Code Ann. § 36-2-302. Additionally, as explained by the Fourth Circuit, while unconscionability can be determined as a matter of law, generally, "unconscionability claims should but rarely be determined on the bare-bones pleadings—that is, with no opportunity for the parties to present relevant evidence of the circumstances surrounding the original consummation of their contractual relationship." *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 292 (4th Cir. 1989) (reversing district court and denying dismissal on allegation of unconscionability of durational limits on warranties). Instead, application of the standards for unconscionability require "carefully examining all relevant evidence," and this Court will only "be equipped to address that question only after plaintiffs have had an opportunity…to present evidence that, for example, they had no 'meaningful choice' but to accept the limited warranties, or that the durational limitations 'unreasonably' favored the defendant." *Id.* at 292 – 293. Therefore, Plaintiff's allegations that the Defendants knew, at the time of sale, that the defect existed and would not manifest until after the warranty expired, and that Toyota was on notice based on issues with the frames of prior car models, the Court cannot determine at the motion to dismiss stage that the durational limits on the express and implied warranties were not unreasonable or unconscionable, and Plaintiff's claims for breach of express and implied warranties may proceed.[5] (Dkt. No. 1 at ¶¶ 23, 64, 78.)

---

[5] Defendants additionally argue that the length of Plaintiff's use of the car, from 2005 until 2018, precludes any claim for breach of an implied warranty of merchantability. (Dkt. No. 11 at 18 – 19.) However, as in *Carlson,* 883 F.2d at 294, which permitted claims to proceed for cars that were up to five years old where the Complaint alleged that the vehicle's engines were designed to function for "periods substantially in excess of th[ose] specified in GM's…warranties," so too here

### 3. *Magnuson-Moss Warranty Act Claim*

The Magnuson–Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, provides a method for consumers to sue for violations of a written or implied warranty. *See Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir.2004). While the Act has certain express requirements, it generally "calls for the application of state written and implied warranty law, not the creation of additional federal law." *Monticello v. Winnebago Industries, Inc.*, 369 F.Supp.2d 1350, 1356 (N.D.Ga.2005). Therefore, as Plaintiff's state law breach of warranty claims survive, Plaintiff's claim under the Magnuson–Moss Warranty Act survives as well.

### 4. *Negligent Misrepresentation Claim*

Plaintiff additionally brought a claim for negligent misrepresentation, alleging that Defendants misrepresented that they used the most advanced technology to help prevent corrosion. (Dkt. No. 1 at ¶ 95.) However, under the well-settled economic loss rule, "there is no tort liability for a product defect if the damage suffered by the plaintiff is only to the product itself.... In other words, tort liability only lies where there is damage done to other property or personal injury." *Sapp v. Ford Motor Co.*, 386 S.C. 143, 147, 687 S.E.2d 47, 49 (2009) (citations omitted). The only injury alleged in the Complaint is to Plaintiff's vehicle. (Dkt. No. 1 at ¶ 36.) Plaintiff argues that the economic loss rule, articulated by the South Carolina Supreme Court, does not apply to negligent misrepresentation claims. However, a court in this District has made clear that, where there is no additional special relationship outside of the contract for sale, the economic loss rule also serves to bar a claim for negligent misrepresentation. *See Besley v. FCA US, LLC*, No. 1:15-

---

Plaintiff alleged, though in a less clear manner, that Defendants knew individuals would use Toyota 4-Runners past the three year warranty. (Dkt. No. 1 at ¶¶ 64, 78.) Therefore, without a development of the record, the Court cannot determine at the motion to dismiss stage that the Car was merchantable at the time of sale.

CV-01511-JMC, 2016 WL 109887, at *5 (D.S.C. Jan. 8, 2016) ("Defendant is entitled to dismissal of Plaintiff's tort claims [regarding his pickup truck] for negligent misrepresentation and negligence per se pursuant to the economic loss rule."). *See also S.C. Elec. & Gas Co. v. Westinghouse Elec. Corp.*, 826 F. Supp. 1549, 1557 (D.S.C. 1993) ("a commercial transaction governed by a contract where the loss alleged is purely economic and the cause of action is for mere negligent misrepresentation—the economic loss rule bars recovery for losses that have occurred from the product's failure to live up to the purchasers' expectations."). The claim for negligent misrepresentation is therefore dismissed.

### 5. *Injunction Claim*

Finally, Plaintiff brought a claim for "injunctive relief" pursuant to the declaratory judgment act, 28 U.S.C. § 2201 *et seq.* (Dkt. No. 1 at ¶¶ 90 – 93.) As Defendants correctly note, injunctive relief is a remedy, not a cause of action. *Blankenship v. Consolidation Coal Co.*, 850 F.3d 630, 640 (4th Cir. 2017). Additionally, the requested equitable relief would essentially have the Court order a recall of Toyota 4-Runners. (Dkt. No. 1 at ¶ 93.) However, "[f]ederal courts have held that conflict preemption applies to prevent the judiciary from ordering vehicle recalls as a remedy in a court action." *Cox House Moving, Inc. v. Ford Motor Co.*, No. CIVA 7:06-1218 HMH, 2006 WL 2303182, at *8 (D.S.C. Aug. 8, 2006) (collecting cases). As injunctive relief is a remedy not a cause of action, the equitable relief requested is not properly under the declaratory judgment act and the Court is preempted from ordering the relief requested, the Court dismisses Plaintiff's separate cause of action for injunctive relief.

### B. Motion to Amend (Dkt. No. 19)

Plaintiff's motion to amend seeks to file an amended complaint with two additional causes of action: one for negligence and one for strict liability. (Dkt. Nos. 19; 19-2.) The proposed amended complaint does not include any other substantive changes except for these two added

causes of action. However, these amendments are futile as the claims fail to make out a claim based on the economic loss rule. *See Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012) ("If an amendment would fail to withstand a motion to dismiss, it is futile."). Specifically, just as with the negligent misrepresentation claim above, Plaintiff does not identify any injury from the alleged negligence or strict liability except to the Car itself, and therefore any alleged damage must be addressed under contract, not under tort. This result is further mandated as, in *Sapp*, 386 S.C. at 147, the South Carolina Supreme Court decision that most recently discussed the economic loss rule in depth, the Court dismissed claims for negligence and strict liability based on damage to a truck, the exact claims Plaintiff is trying to add here. Therefore, the proposed amendments are futile as they fail to make out a claim and the motion to amend is denied.[6]

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Dkt. No. 10) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent that Plaintiff's Fourth Cause of Action for Injunctive Relief and Fifth Cause of Action for Negligent Misrepresentation are **DISMISSED**. The Motion is otherwise **DENIED**. Plaintiff's Motion to Amend the Complaint (Dkt. No. 19) is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 31, 2019
Charleston, South Carolina

---

[6] Plaintiff additionally argues that the economic loss rule does not apply here as he brought the claim as a class action and damages to the other class members must be "determined at a later date[.]" (Dkt. No. 25 at 3.) However, Plaintiff has not presented any allegations of injuries other than to the product itself and this speculation in a filing does not show other unalleged damages.