IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Gary Weinreich and Robert O'Hara, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Toyota Motor Sales, U.S.A., Inc., *et al.*, <br><br> Defendants. | Civil Action No. 2:18-3294-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is Defendants' amended motion for costs (Dkt. No. 289). For the reasons set forth below, the Court grants in part and denies in Defendants' motion.

I.   **Background**

This case was a putative class action. Plaintiff Gary Weinreich alleged that in June 2005, he purchased a new, fourth generation Toyota 4Runner Sport and, when he took the car to be serviced at the Toyota Service Center in Myrtle Beach in 2011 and 2013, mechanics noted severe rust in the undercarriage including the transmission, although no resulting structural or safety problems were indicated. In 2017, service at a Meineke shop indicated excessive frame corrosion and Weinreich learned that Toyota had a customer support program for corrosion issues. In 2018, Weinreich lost control of the car when the wheel vibrated and, after being towed to a garage, it was determined that the right front control arm had broken away from the frame due to corrosion and rust. Weinreich subsequently sued Defendants under a variety of theories. (Dkt. No. 1).

Nearly five years after Plaintiff filed suit, the Court granted Defendants summary judgment. (Dkt. No. 277).

Defendant filed its amended motion for costs on March 10, 2023. (Dkt. No. 289). On March 17, 2023, Plaintiffs filed their response in opposition. (Dkt. No. 290).

On March 17, 2023, the Court entered an order stating that while it would not grant Defendants the $26,455.50 they requested for color copying, it would order traditional copying costs associated with said pages. (Dkt. No. 290).

On March 22, 2023, Defendants filed a supplement explaining that while they accepted the Court's ruling on color copies, it was "important that this Court knows the costs for color copies were incurred in good faith." (Dkt. No. 292 at 1). As relevant here, Defendants note that the cost for traditional copying of the color documents at issue would have been $3,703.91.

Defendants' motion is fully briefed and ripe for disposition.

## II.    Legal Standard

Federal Rule of Civil Procedure 54(d) provides that with exceptions not applicable here, the court should allow the prevailing party to recover costs other than attorney's fees. Fed. R. Civ. P. 54(d)(1). Section 1920 of Title 28 of the United States Code enumerates allowable costs as follows:

>    (1) Fees of the clerk and marshal;
>
>    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5) Docket fees under section 1923 of this title;
>
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The party claiming any item of cost must support the request by attaching thereto an affidavit attesting that the items requested are correct and that the cost has been "necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. There is a presumption that the prevailing party in a lawsuit will be able to collect costs, and once the prevailing party makes a showing that taxation of costs is proper, the burden shifts to the losing party to show otherwise. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). The court must articulate some "good reason" should it exercise its discretion to deny the prevailing party its costs. *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). *See Jeter v. Allstate Ins. Co.*, No. CV 7:15-1458-TMC, 2017 WL 5593296, at *2 (D.S.C. Mar. 28, 2017) (articulating the following factors as potential good reasons that justify denying an award of costs "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided.").

### III.     Discussion

Defendants ask for a total of $47,191.64 in costs for the following expenditures: $20,311.42 for depositions costs; $26,455.50 for color printing; $13.02 for black and white copying; $61.80 for scanned images; and $350 in court fees. (Dkt. No. 289 at 2). For support, Defendants have attached the sworn affidavit of Joel H. Smith, counsel for Defendants, (Dkt. No. 289-2), and an internal accounting listing the requested costs, (Dkt. No. 289-1).

Plaintiffs oppose on several grounds. Plaintiffs argue that the Smith's affidavit does not conform to 28 U.S.C. § 1924 as it relates to fees for materials related to deposition transcripts and recordings or copying fees. (Dkt. No. 290 at 4-5). Plaintiffs also argue Defendants have not provided sufficient justification for their request of color copies. (*Id.* at 5). Plaintiffs further argue

that costs for videotaping depositions of Defendants' own employees should be disallowed because Defendants have not justified said costs. (Dkt. No. 290 at 7); *see also* (*id.*at 8) (arguing costs for hearing transcripts should be disallowed as well).

The Court grants in part and denies in part Defendants' motion. The Court finds Smith's affidavit conforms with § 1924. § 1924 (noting the party claiming any item of cost must support the request by attaching thereto an affidavit attesting that the items requested are correct and that the cost has been "necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed"). The Court further finds that Defendants are entitled to the requested $20,311.32 for all related deposition costs. *See Cherry v. Champion International Corp.*, 115 F.3d 1471, 1477 (4th Cir. 1999) (noting allowing deposition costs include transcript fees, court reporter fees, and videotaping fees); (Dkt. No. 289 at 3-4) (arguing videotaping was necessary for six employee witnesses as said witnesses lived beyond the subpoena power of the Court and could not be compelled to appear at trial); *Cherry*, 186 at 449 (noting that "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under §1920 to award the cost of conducting the deposition in the manner noticed") (citing *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996)). As to the $26,455.50 requested for color copies, however, the Court denies Defendants' motion as Defendants have not timely explained why deponents needed color, as opposed to black and white copies, to prepare for their depositions. The Court does award Defendants, however, $3,703.91 to cover the cost of traditional copies associated with said pages. Last, the Court awards Defendants $61.80 for scanned images and $350 in court fees, requests which Plaintiffs do not oppose.

Accordingly, the Court grants Defendants' motion in the amount of $24,440.05.

### III. Conclusion

For the foregoing reasons, and as set forth above, the Court grants in part and denies in part Defendants' amended motion for costs. (Dkt. No. 289). Defendants are awarded costs in the amount of $24,440.05.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

March 27, 2023  
Charleston, South Carolina